CLOYES v. HOOKER.

*Conflict of law — note made, dated and payable in this State negotiated abroad. Pleading — variance. Usury.*

A note made, dated and payable in this State was discounted in Canada at the rate of twelve per cent per annum, which rate is lawful there. *Held*, that the laws of this State governed the contract, and the defense of usury was allowable.

While the Code has not relaxed the rule requiring facts essential to make out usury to be stated in a pleading, as to variances, its provisions are as applicable to usury as to other cases.

APPEAL by plaintiff from a judgment in favor of defendant entered upon the report of a referee.

The action was brought by Edward D. Cloyes against Henry Hooker and another, upon a promissory note indorsed by defendants. Sufficient facts appear in the opinion.

*Vary & Stone,* for appellant.

*Myers & Morris,* for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

JAMES, J. This case comes here by appeal upon a case and exceptions.

The facts found by the referee are not excepted to; the only exceptions noted are to the conclusions of law found.

The action was to recover upon a promissory note of $1,000, made and dated at Morristown, N. Y., October 11, 1872, and payable at the First National Bank of Syracuse, N. Y. The makers of the note were the firm of Burrows Bros. & Co., it was indorsed by Ford, one of said firm, and by the defendants as accommodation indorsers. All the parties but Ford were, at the time, residents of Morristown aforesaid.

The defense was usury. It appeared that after the note was made and indorsed, Burrows, one of the firm, took this note and other notes to Brockville, Canada, and applied to one Harding to raise money; he asked Harding to discount said notes. Harding said he was short, but would buy the notes if he could raise the money. Burrows inquired if he could not raise the money from the banks or from Cloyes (the plaintiff), or from other persons. Harding said he would see. Harding did apply to plaintiff to buy said notes, and plaintiff thought he would. Afterward, Burrows sold to Harding the note in suit, another note made and indorsed by the same parties for $500, at four months; five business notes, amounting to $791.97, amounting in all to $2,291.97, and delivered, as security for the business notes, another note, dated October 11, 1872, at four months, made by Burrows Bros. & Co., and indorsed by Ford. Said notes were sold by Burrows to Harding at a discount of over twelve per cent per annum for the time they had to run before maturity. After this agreement between Burrows and Harding, and the delivery of the notes, Harding sold the note in suit for $1,000, the other $1,000 note delivered as security for the business notes and the $500 note, they all three having less than four months to run, to the plaintiff for $2,405, a discount of over ten per cent; and after such sale to plaintiff, Harding paid to Burrows the purchase price of said notes. Such

sale or sales were lawful in Canada. The note in suit was at maturity duly presented and protested.

The referee held that the validity of said note must be determined by the laws of this State; that by such law the sale to Harding was usurious; that never having had a valid inception before its transfer to the plaintiff, it was in his hands usurious and void; and that defendants were entitled to have their answer amended so as to conform to the facts proved.

As a general rule, the law of the place where contracts purely personal are made must govern as to their construction and validity. In this case, the note was made and dated in the State of New York and payable in this State, and, therefore, by the laws of this State, so far as the question of usury is concerned, it is to be treated as a New York contract, and its validity construed by the laws of this State, although negotiated in a foreign country at a rate lawful there, but usurious here. *Curtis* v. *Leavitt*, 15 N. Y. 9, 227; *Jewell* v. *Wright*, 30 id. 259; *Cope* v. *Wheeler*, 41 id. 303. Under the laws of this State the negotiation of the note in suit was usurious, which rendered the same void. I am aware that these cases in the Court of Appeals have been reviewed by the Supreme Court of Buffalo in *Bowen* v. *Bradly*, 9 Abb. N. S. 395, and pronounced unsound; still we feel bound to follow the appellate court.

It is stated in the findings, that the rate was deducted from these notes at the time of sale, and I think that finding was warranted by the evidence.

In pleading usury the transaction should be correctly set out in substance. I think the answer does substantially state the transaction as proved, and as found by the referee. It is claimed that the answer sets up usury in the purchase by the plaintiff, and that there was no usury in such purchase. That, however, depends upon Harding's true position in the transaction. Was he in reality the purchaser from, or the agent of, Burrows? If a purchaser, the transaction with him was usurious; if an agent, the transaction with plaintiff was usurious. As it affected the defendants, the transaction was usurious whichever way is the truth. And it is even now quite difficult to determine Harding's position. He made the contract of purchase, but did not pay therefor until after the sale to plaintiff. But as this was only a question of pleading, the usury being established, it was proper to

allow the answer to be conformed to the facts proved.   It is one of the cases contemplated by section 173 of the Code.   While the Code has not relaxed the rule requiring facts to be stated in a pleading, essential to make out usury, as to variances its provisions are as applicable to usury as to other causes.

It was held in *Catlin* v. *Gunter*, 11 N. Y. 368, that when on the trial the evidence tended to prove an usurious agreement, but differing from the one alleged in the answer in several particulars, but not in its entire scope and meaning, the plaintiff giving no proof that he was misled thereby to his prejudice, the variance should be deemed immaterial.

The case was properly disposed of, and the judgment should be affirmed.

LEARNED, P. J.   I think we are bound by the decision in *Jewett* v. *Wright* until it shall be reversed or qualified; therefore I concur.

*Judgment affirmed.*